IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Joseph Ruhren,** ) | |
|     **Movant,** ) | |
| ) | |
| v. ) | 1:19cv1632 (AJT/JFA) |
| ) | |
| **United States District Court,** ) | |
|     **Respondent.** ) | |

ORDER

Joseph Ruhren is an inmate in Red Onion State Prison serving four life sentences for the sexual abuse of minor boys. See [Dkt. No. 1]. Ruhren states that he is "currently preparing his state habeas corpus petition," and he has filed in this Court a pro se "Motion for Discovery." See id. In his "Motion for Discovery," Ruhren cites Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts and requests an order compelling the production of "exculpatory evidence" for use in his prospective state habeas proceedings. Id. at 1.

Ruhren's motion must be denied for at least two reasons. First, Ruhren does not have a § 2254 petition pending in this Court, so Rule 6 ("Discovery") and Rule 7 ("Expanding the Record") of the Rules Governing Section 2254 Proceedings in the United States District Courts are inapplicable. And, second, even if Ruhren had a § 2254 petition pending in this Court, discovery is seldom granted in federal habeas proceedings. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). He must demonstrate "good cause." 28 U.S.C. foll. § 2254, Rule 6(a). "Ordinarily, we presume that public officials have properly discharged their official duties." Bracy, 520 U.S. at 909 (internal quotation marks and citation omitted). Ruhren's speculative allegations of misconduct by FBI agents during the course of a joint state and federal

investigation of his crimes has not given the Court reason to believe that prosecutors did not produce all exculpatory evidence to him during the course of his state criminal proceedings as required under Brady v. Maryland, 373 U.S. 83 (1963). Absent such a showing, Ruhren has not demonstrated "good cause" and would not be entitled to discovery, even if he had a § 2254 petition pending in this Court.

Accordingly, it is hereby

ORDERED that Ruhren's motion [Dkt. No. 1] be and is DENIED.

To appeal this decision, Ruhren must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order Ruhren wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision. Ruhren must also obtain a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue such a certificate for the reasons stated above. See also Slack v. McDaniel, 529 U.S. 473 (2000) (requiring a two-part showing before a certificate of appealability may be granted).

The Clerk is directed to send a copy of this Order to Ruhren and to close this action.

Entered this 6 day of Jan., 2020.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge